IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01244-PSF-MJW

DAVID JACKSON,

    Plaintiff,

v.

VERA JACKSON,

    Defendant.

_____

**ORDER OF REMAND**
_____

THIS MATTER is before the Court on Plaintiff David Jackson's "Removal from State" (Dkt. # 1), filed July 6, 2005. This filing appears to be plaintiff's *pro se* effort to remove a domestic relations matter, Case No. 01 DR 2767, *Jackson v. Jackson*, from Arapahoe County District Court.

Title 28 U.S.C. § 1446(b) provides that notice of removal of an action "shall be filed within thirty days after the receipt by the defendant, through service of process or otherwise, of a copy of the initial pleading . . . ." Even assuming a plaintiff can remove his own case filed in state court to federal court, it appears that the underlying state court action was commenced in 2001, and the most recent state court filing submitted with plaintiff's "Removal from State" is dated May 9, 2005. Plaintiff did not file his notice of removal within thirty days of either of these dates. Therefore, his removal effort was untimely. As pointed out by this Court in *Cellport Systems, Inc. v. Peiker Acustic GMBH & Co. KG*, 335 F. Supp. 2d 1131, 1133 (D. Colo. 2004), removal statutes are to be

strictly construed, there is a presumption against removal and all doubts are to be resolved in favor of remand. Accordingly, this case is REMANDED to the Arapahoe District Court.

In the alternative, the Court hereby finds that even if plaintiff's filing attempts to assert causes of action independent from any removed state claims, including any arising under 28 U.S.C. § 1450, they must be dismissed for lack of subject matter jurisdiction. Under the *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction to hear appeals from final judgments of state courts. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). As the United States Supreme Court recently stated: "The *Rooker-Feldman* doctrine [prohibits] . . . cases brought by state-court losers complaining of injuries cause by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 125 S.Ct. 1517, 1521-22 (2005). Plaintiff's recourse is to appeal an adverse state court ruling to a state appellate court, not bring a forbidden *de facto* appeal to federal district court. *Guttman v. Khalsa*, 401 F.3d 1170, 1174 (10th Cir. 2005).

Finally, to the extent any independent causes of action are asserted here, they appear to be based on domestic relations matters involving plaintiff's ex-wife, jurisdiction thus is barred under the "domestic relations" exception to federal jurisdiction. *See e.g., Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("The domestic relations exception [to jurisdiction], as articulated by this Court . . . divests the federal courts of

power to issue divorce, alimony, or child custody decrees."). This exception appears to apply as a general rule to federal question jurisdiction as well as diversity cases. *See Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 19 (2004) ("Thus, while rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, *see, e.g., Palmore v. Sidoti,* 466 U.S. 429, 432-434, 80 L. Ed. 2d 421, 104 S. Ct. 1879 (1984), in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts."). *See also Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1112 (10th Cir. 2000).

Therefore, to the extent plaintiff's "Removal from State" (Dkt. # 1) constitutes a purported removal of the case captioned *Jackson v. Jackson*, Case No. 01 DR 2767 (Arap. Ct. Dt. Ct.), it is hereby remanded to Arapahoe County, Colorado District Court. To the extent said filing purports to assert new or additional claims beyond the state court proceedings, such claims are dismissed for lack of federal jurisdiction.

DATED: July 8, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge